IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOSEPH HENRY, #07912**     **PETITIONER**

**VERSUS**     **CIVIL ACTION NO. 1:06cv413LG-RHW**

**HARRISON COUNTY ADULT DETENTION CENTER,**
**and JIM HOOD, Attorney General**     **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Joseph Henry, an inmate of the Mississippi Department of Corrections currently incarcerated at the Kemper-Neshoba County Regional Correctional Facility, DeKalb, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed the Petitioner's allegations and has reached the following conclusions.

Petitioner was convicted of transfer of a controlled substance in the Circuit Court of Harrison County, Mississippi on March 6, 2006.[1] Petitioner was sentenced to serve ten years in the custody of the Mississippi Department of Corrections. According to the docket of the Mississippi Supreme Court Clerk, the Petitioner is currently appealing his conviction with the Mississippi Court of Appeals in cause number 2006-TS-00688-COA.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears

---

[1] Cause number B2401-03-00707, First Judicial District of Harrison County.

> that—
>
>> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \* \* \* \* \* \* \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief."  *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).  It is clear that Petitioner is in the process of exhausting his state remedies since he was convicted in March of this year and his appeal is pending with the Mississippi Court of Appeals.  As such, Petitioner's application for writ of habeas corpus pursuant to 28 U. S. C. § 2254 will be dismissed, without prejudice, for Petitioner's failure to exhaust his available state remedies.

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

**SO ORDERED AND ADJUDGED** this the 10th day of July, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE